**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4762**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH MICHAEL LANHAM,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-03-215)

———————

Submitted:  July 20, 2005              Decided:  August 23, 2005

———————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Lauren Elizabeth Case, Paresh S. Patel, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Thomas Michael DiBiagio, United States Attorney, Kwame Jangha Manley, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Michael Lanham pled guilty pursuant to a plea agreement to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (f).[1] He was sentenced on September 7, 2004, to 151 months in prison. Lanham appealed. Prior to the submissions of briefs, Lanham sought remand to the district court for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). His motion to remand stated that his challenge to his sentence "is the only issue that Mr. Lanham would pursue on appeal." The Government filed its written consent to remand.

We have independently reviewed the matter and conclude that remand is appropriate. Accordingly, we grant Lanham's motion to remand for the limited purpose of resentencing under Booker.[2] We dispense with oral argument because the facts and legal

---

[1] We note that although there was an appellate waiver in Lanham's plea agreement, this case is distinguishable from our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005), because the Government here has not sought to enforce the waiver.

[2] Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>